# <u>VIRGINIA:</u>

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 6th day of June, 2024.*

Present: All the Justices

TODD J. WESTRICK, ET AL.,                                                      APPELLANTS,

 against        Record No. 230625
                   Court of Appeals No. 1081-22-4

DORCON GROUP, LLC,                                                              APPELLEE.

UPON AN APPEAL FROM A
JUDGMENT RENDERED BY THE
COURT OF APPEALS OF VIRGINIA.

Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that there is no reversible error in the judgment of the Court of Appeals.

I.

The Berkeley Chase Subdivision ("Berkeley Chase") is located on approximately 340 acres of land in Loudoun County. There are currently 30 lots in Berkeley Chase. Most of the lots are around 10 acres. Lot 5 of Berkeley Chase, however, consists of 40 acres. Historic houses and agricultural buildings are located on Lot 5. Dorcon Group, LLC ("Dorcon Group") purchased Lot 5 on March 4, 2020, with the intention of operating a commercial bed and breakfast as well as a venue for weddings and other events on the property. Nicholas Keith Dorcon, a member of Dorcon Group, testified that the pertinent zoning ordinances permitted this intended use of Lot 5.

The restrictive covenants of Berkeley Chase were recorded when the subdivision was established in 1981—in a document entitled "Deed of Subdivision and Imposition of Restrictive Covenants and Road Agreement" (the "Deed of Subdivision"). Paragraph 1 of the Deed of Subdivision imposes broad restrictions on the manner in which most of the lots in Berkeley Chase may be used. Nevertheless, the provision simultaneously excepts Lot 5 from those restrictions. In its entirety, Paragraph 1 of the Deed of Subdivision states:

> *Except for Lots 5, 21, 22, and 23 as herein provided*, all the land hereby covered shall be used for estate and owner-occupational purposes only, and no building shall be erected or altered upon such land, except one single-family detached dwelling and one guest house on each lot and such accessor[y] buildings as are defined in the Loudoun County Zoning Ordinance. *Lots 5, 21, 22 and 23 may be used for such nonresidential purposes as approved by the Loudoun County Zoning and Subdivision Ordinances including, but not limited to, specific ex[ce]ptions, conditional permits and Board of Zoning Appeals decisions as may be requested and granted from time to time by/for said lot owners.*

(Emphasis added).

The present appeal centers on Paragraph 19 of the Deed of Subdivision, which addresses amendments to the restrictive covenants. This provision states:

> These restrictions shall constitute covenants running with the land and shall be effective for a period of twenty years until January 1, 2001, and thereafter shall be extended for further periods of twenty years each, unless by vote of the owners of seventy-five percent (75%) of the parcels improved with dwelling unit[s] it is agreed to change the covenants in whole or in part, provided further, that *these restrictions may be excepted, modified, or vacated in whole or in part at any time upon an affirmative vote of the owners of twenty[-]three (23) lots in said subdivision.*

(Emphasis added).

Berkeley Chase has never had a property owners' association. Although the Deed of Subdivision references the "Berkeley Chase Association" in several of its provisions, this entity was never formed.

On May 5, 2020, the owners of 25 lots in Berkeley Chase (the "appellants") recorded an amendment to the Deed of Subdivision. The amendment expressly states that it was enacted pursuant to the provision in Paragraph 19 that permits restrictions to be "excepted, modified or vacated in whole or in part at any time upon an affirmative vote of the owners of twenty-three (23) lots in [the] subdivision."

The amendment added Paragraph 21 to the Deed of Subdivision—a provision that prohibits property owners from conducting most commercial activities on the lots in Berkeley Chase. Significantly, Paragraph 21 purports to apply to every lot in the subdivision. Paragraph 21 sets forth exceptions for certain agricultural activities, home offices, and some commercial

2

activities that provide temporary lodging to third parties (including the operation of some bed and breakfasts). The provision, however, expressly prohibits operating a venue for weddings and other events on any lot in Berkeley Chase.

The appellants did not have any contact with Dorcon Group before they recorded the amendment to the Deed of Subdivision. Consequently, Dorcon Group did not participate in the amendment process or consent to the amendment.

Upon learning of the amendment and the new restrictions that it purported to impose on Lot 5, Dorcon Group filed a complaint against the appellants in the Circuit Court of Loudoun County—seeking declaratory and injunctive relief. Dorcon Group challenged the validity of the amendment, asserting that the pertinent provisions of the Deed of Subdivision did not authorize the appellants to unilaterally impose new restrictions on Lot 5.

The circuit court ruled in favor of the appellants, concluding that the amendment and new restrictions were valid. Focusing on the term "modify" in Paragraph 19 of the Deed of Subdivision, the circuit court determined that the appellants were permitted to change the restrictive covenants.

The Court of Appeals reversed the circuit court's judgment. Applying a narrower interpretation of the term "modify," the Court of Appeals concluded that Paragraph 19 of the Deed of Subdivision did not permit the appellants to add new restrictions to Lot 5. Therefore, the Court of Appeals determined that the challenged amendment and new restrictions were impermissible. This appeal followed.

## II.

The appellants contend that the Court of Appeals misconstrued the pertinent provisions of the Deed of Subdivision.[*] Relying on a broad definition of the term "modify," the appellants argue that Paragraph 19 of the Deed of Subdivision permitted them to alter the restrictive covenants addressing the permissible uses of the lots in Berkeley Chase. The appellants also

---

[*] The appellants also argue that the first assignment of error presented by Dorcon Group in the Court of Appeals was not broad enough to encompass the basis of the Court of Appeals' opinion. Although the assignment of error at issue may have focused on the ambiguity of the term "modify," it also asserted that the circuit court's judgment conflicted with the language of the pertinent provisions of the Deed of Subdivision. As the assignment of error challenged the circuit court's interpretation of the pertinent provisions of the Deed of Subdivision, it sufficiently addressed the basis of the Court of Appeals' opinion.

claim that they were authorized to amend the Deed of Subdivision pursuant to the provision in Paragraph 19 that permits 75% of lot owners to "change" the restrictive covenants. These arguments present purely legal questions that are subject to de novo review. *See, e.g.*, *Sainani v. Belmont Glen Homeowners Ass'n*, 297 Va. 714, 722 (2019).

At the outset of this analysis, it is important to emphasize that this case must be evaluated exclusively under the common law pertaining to restrictive covenants. As Berkeley Chase has never had a property owners' association, the provisions of the Virginia Property Owners' Association Act, *see* Code §§ 55.1-1800 through 55.1-1837, are inapplicable in this proceeding.

"It is a well established principle that restrictive covenants on land are not favored and must be strictly construed." *Barris v. Keswick Homes, L.L.C.*, 268 Va. 67, 71 (2004). "Underlying this principle of strict construction is the common-law premise that the 'absolute right' to property 'consists in the free use, enjoyment, and disposal of all [one's] acquisitions, without any control or diminution, save only by the laws of the land.'" *Sainani*, 297 Va. at 722 (quoting 1 William Blackstone, Commentaries, at *138). "A restrictive covenant running with the land that is imposed on a landowner solely by virtue of an agreement entered into by other landowners who are outside the chain of privity would have been unheard of under English common law." *Tvardek v. Powhatan Vill. Homeowners Ass'n*, 291 Va. 269, 275 (2016).

"Restrictive covenants 'are to be construed most strictly against the grantor and persons seeking to enforce them, and substantial doubt or ambiguity is to be resolved in favor of the free use of property and against restrictions." *Sainani*, 297 Va. at 723 (quoting *Scott v. Walker*, 274 Va. 209, 213 (2007)). "However, when the terms of a restrictive covenant 'are clear and unambiguous, the language used will be taken in its ordinary signification, and the plain meaning will be ascribed to it.'" *Barris*, 268 Va. at 71 (quoting *Marriott Corp. v. Combined Props., L.P.*, 239 Va. 506, 512 (1990)).

Although the analysis of both the Court of Appeals and the circuit court focused on the meaning of the term "modify," it is important to examine all of the language of the pertinent provisions of the Deed of Subdivision. The operative provision of Paragraph 19 of the Deed of Subdivision states: "[T]hese restrictions may be excepted, modified, or vacated in whole or in part at any time upon an affirmative vote of the owners of twenty[-]three (23) lots in said subdivision." While the provision authorizes the modification of "restrictions," it does not

address the modification of the exceptions set forth in other provisions of the Deed of Subdivision.

Unlike most of the other lots in Berkeley Chase, Lot 5 was expressly excepted from the original restriction that prohibited most commercial activities in the subdivision. Lot 5 was not subject to the restriction that required the lots in Berkeley Chase to be used for "estate and owner-occupational purposes." Under the plain terms of Paragraph 1 of the Deed of Subdivision, Lot 5 could "be used for such nonresidential purposes as approved by the Loudoun County Zoning and Subdivision Ordinances."

The challenged amendment essentially attempts to modify the exceptions set forth in Paragraph 1 of the Deed of Subdivision rather than an existing restriction on Lot 5. Such an amendment is not encompassed by the pertinent provision of Paragraph 19. Moreover, the pertinent provision of Paragraph 19 should not be read in a manner that would facilitate the imposition of a greater restriction on the free use of property. *See Sainani*, 297 Va. at 723.

The term "modify"—as it is used in Paragraph 19—must be similarly construed. Any ambiguity in the term must be strictly construed against the appellants, in a manner that avoids the imposition of additional restrictions on Lot 5. *See id.* A strict construction of the term simply does not support the definition advocated by the appellants.

Pursuant to the current edition of Black's Law Dictionary, to "modify" means "[t]o make somewhat different; to make small changes to (something) by way of improvement, suitability, or effectiveness," or "[t]o make more moderate or less sweeping; to reduce in degree or extent; to limit, qualify, or moderate[.]" Black's Law Dictionary at 1203 (11th ed. 2019). The Fifth Edition of Black's Law Dictionary—which was current when Berkeley Chase was established in 1981—provides a slightly different definition of the term "modify." In pertinent part, this dictionary explains that to "modify" means "[t]o alter; to change in incidental or subordinate features; enlarge, extend; limit, reduce." Black's Law Dictionary at 905 (5th ed. 1979).

The pertinent provision of Paragraph 19 does not permit the appellants to add entirely new restrictions to Lot 5—under either definition of the term "modify." Significantly, the challenged amendment attempted to impose substantial new restrictions that would prohibit most commercial activities on the property. The pertinent provision of Paragraph 19 does not permit such a broad amendment of the restrictive covenants.

5

Relying on the other provision of Paragraph 19, the appellants contend that they were permitted to "change" the Deed of Subdivision with the vote of 75% of the lot owners in Berkeley Chase. The challenged amendment, however, was expressly based on the provision of Paragraph 19 that allowed 23 lot owners in Berkeley Chase to "modify" the Deed of Subdivision. The appellants cannot rely on the provision of Paragraph 19 that addresses a "change" to the Deed of Subdivision to justify the challenged amendment.

The Court recognizes that a restrictive covenant may include a provision establishing a "mechanism by which the parties, or some number of them, may modify or terminate the restriction." *Barris*, 268 Va. at 71. Paragraph 19 authorizes certain modifications of the existing restrictions set forth in the Deed of Subdivision. The provision, however, does not permit the appellants to essentially terminate the exceptions that are set forth in Paragraph 1 of the Deed of Subdivision through the imposition of entirely new restrictions on Lot 5. For the reasons stated, the judgment of the Court of Appeals is affirmed.

This order shall be published in the Virginia Reports and certified to the Court of Appeals and the Circuit Court of Loudoun County.

A Copy,

Teste:

Clerk